IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02281-MSK-BNB

MOUNT VERNON FIRE INSURANCE COMPANY, a Pennsylvania corporation,

Plaintiff,

v.

LISA LYLE, a Colorado resident,
SCOTT LYLE, a Colorado resident, and
MCCARTHY HOMES, INC., a Colorado corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on **Mount Vernon Fire Insurance Company's Motion for Substitute Service of McCarthy Homes, Inc.** [Doc. # 6, filed 11/9/2011] (the "Motion for Substituted Service"), which is GRANTED as specified.

This is an action concerning insurance coverage. The plaintiff seeks a declaration that it has no duty to defend or indemnify McCarthy Homes, Inc. ("McCarthy Homes"), in the underlying action where the Lyles assert claims against McCarthy Homes for defective design and construction of the Lyle's new house. Motion for Substituted Service [Doc. # 6] at ¶1. The plaintiff reports that it has been unable to effect service of process against McCarthy Homes. It seeks leave to make substituted service pursuant to Rule 4(f), Colo. R. Civ. P.

McCarthy Homes is a Colorado corporation. It has designated Daniel P. McCarthy as its registered agent for service of process at 10480 Mooring Road, Longmont, Colorado. Annual Report [Doc. # 6-1] at ¶¶3, 5. The plaintiff attempted to make service on the registered agent at

the designated address, but service was not achieved because Mr. McCarthy no longer resides at that address and could not be found there. The plaintiff also attempted service at Mr. McCarthy's last known address and at his last known place of employment, but he could not be found at either of those locations. Mr. McCarthy has failed to return the plaintiff's telephone calls or to respond to the plaintiff's emails.

Rule 4(e)(1) and (h), Fed. R. Civ. P., provide that service of process may be accomplished against a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." Colorado law allows service on a corporation as follows:

> [B]y delivering a copy thereof to the registered agent for service as set forth in the most recently filed document int eh records of the secretary of state of this state or any other jurisdiction, or one of the following:
>
> (A)  An officer of any form of entity having officers;
> \*   \*   \*
> (G)  If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

Colo. R. Civ. P. 4(e)(4).

Section 7-90-704(2), C.R.S., provides:

> (2)  If an entity that is required to maintain a registered agent pursuant to this part 7 has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address. Service is perfected under this subsection (2) at the earliest of:

      (a)  The date the entity receives the process, notice, or demand;

      (b)  The date shown on the return receipt, if signed on behalf of the entity; or

      (c)  Five days after mailing.

I find that the plaintiff has acted with reasonable diligence but has been unable to serve McCarthy Homes' registered agent.  Consequently, I grant the motion for substituted service to allow service of process in the manner specified in section 7-90-704(2), C.R.S.

In addition, although it appears that Mr. McCarthy is refusing to respond to emails sent to his email address, it also appears that those emails are being received.  In an attempt to assure actual notice of the action against McCarthy Homes to its registered agent, the plaintiff also shall email copies of the summons and complaint to Mr. McCarthy at his last known email address.

IT IS ORDERED:

(1)      The Motion for Substituted Service [Doc. # 6] is GRANTED;

(2)      The plaintiff shall make substituted service by registered mail or by certified mail, return receipt requested, as specified in section 7-90-704, C.R.S., and shall file proof of such service on or before **December 21, 2011**; and

(3)      The plaintiff shall email copies of the summons and complaint to Mr. McCarthy at his last known email address and shall file an affidavit establishing compliance with this requirement on or before **December 21, 2011**.

Dated December 1, 2011.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge